IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHERRY LYNN HARPER                                                                    PLAINTIFF

vs.                                    Civil No. 2:18-cv-02117

NANCY A. BERRYHILL                                                                    DEFENDANT
Acting Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Sherry Lynn Harper ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **AFFIRMED.**

**1.   Background:**

Plaintiff protectively filed her DIB application on April 26, 2016. (Tr. 16). In this application, Plaintiff alleges being disabled due to PTSD, herniated disc in back, sciatic nerve damage, scoliosis, neck and shoulder nerve damage, arthritis, asthma, severe anxiety, severe depression, and OCD. (Tr. 244). Plaintiff alleges an onset date of April 10, 2016. (Tr. 16). This application was denied initially and again upon reconsideration. *Id.*

Plaintiff requested an administrative hearing on December 13, 2016. (Tr. 140-141).

Plaintiff's administrative hearing was held on June 22, 2017. (Tr. 32-69). At this hearing, Plaintiff was present and was represented by Laura McKinnon. *Id.* Plaintiff and Vocational Expert ("VE") Montie Lumpkin testified at this hearing. *Id.* At this hearing, Plaintiff was thirty-nine (39) years old and had a tenth grade education. (Tr. 37).

On September 28, 2017, the ALJ entered an unfavorable decision denying Plaintiff's application. (Tr. 16-25). In this decision, the ALJ found Plaintiff met the insured status of the Act through September 30, 2016. (Tr. 18, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity from April 10, 2016 through her date last insured. (Tr. 18, Finding 2).

The ALJ next found Plaintiff had severe impairments that included spinal disorders, asthma, migraine headaches, obesity, affective disorders, and anxiety disorders. (Tr. 19, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 19, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 20-23, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work, except can occasionally stoop and crouch; must avoid even moderate exposure to fumes, odors, dust, gases, and poorly ventilated areas; can perform work where interpersonal contact is incidental to the work performed; complexity of tasks is performed by rote with few variables and little judgment; and supervision is simple, direct, and concrete. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 23, Finding 6). The ALJ found Plaintiff was unable to perform any PRW. *Id.* The ALJ, however, also determined there was

other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 24, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a can filing and closing machine tender with approximately 24,980 such jobs in the nation, power screwdriver operator with approximately 50,841 such jobs in the nation, and collator operator with approximately 13,458 such jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from April 10, 2016, through September 30, 2016, the date last insured. (Tr. 25, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 190). On May 16, 2018, the Appeals Council denied this request for review. (Tr. 1-7). On July 11, 2018, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 13, 17. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff argues the ALJ erred (1) by failing to fully and fairly develop the record, (2) in assessing Plaintiff's severe impairments, (3) in the RFC determination, and (4) in evaluating Plaintiff's obesity. ECF No. 13, Pgs. 4-15. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 17.

**A. Duty to Develop Record**

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff argues the ALJ erred by failing to fully develop the record regarding Plaintiff's alleged impairments. ECF No. 13, Pgs. 4-8. Defendant argues substantial evidence shows the ALJ

met his duty to fairly develop the record.

Initially the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of his limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). While the ALJ has an independent duty to develop the record in a social security disability hearing, the ALJ is not required "to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped." *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir.2004).

Likewise, the ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir.1989). Thus, the proper inquiry for this Court is not whether a consultative examination should have been ordered; rather, it is whether the record contained sufficient evidence for the ALJ to make an informed decision. *See id.; see also Payton v. Shalala*, 25 F.3d 684, 686 (8th Cir.1994). There is nothing which establishes the record was inadequate for the ALJ to make his decision. The medical record included treating physician records, clinic records, physical exam reports, diagnostic evaluations, and case analysis.

Further, Plaintiff must not only show the ALJ failed to fully and fairly develop the record, but that she was prejudiced or treated unfairly by the ALJ's alleged failure to develop the record. Plaintiff has not set forth any evidence showing had the ALJ requested additional consultative examinations, the ALJ would have arrived at a different decision.

Therefore, I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

### **B. Severe Impairments**

A claimant suffers from a severe impairment if the impairment is more than slight and if the impairment affects the claimant's ability to do his basic work activities. *See Householder v. Bowen*, 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "slight abnormalities that do not significantly limit any 'basic work activity.'" *Bowen v. Yuckert*, 482 U.S. 137, 155, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (O'Connor, S., Concurring); *see also Brown v. Bowen*, 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

The ALJ determined Plaintiff had the severe impairments of spinal disorders, asthma, migraine headaches, obesity, affective disorders, and anxiety disorders. (Tr. 19, Finding 3). Plaintiff argues the ALJ erred by not finding additional severe impairments as it relates to her claims of Post Traumatic Stress Disorder ("PTSD"), peripheral neuropathy, carpal tunnel syndrome, tarsel tunnel symptomatology. ECF No. 13, Pgs. 8-9.

To begin with, PTSD is a type of an affective disorder and anxiety disorder. Furthermore, the ALJ, having questioned the Plaintiff regarding her PTSD at the administrative hearing, indicates consideration of this impairment. (Tr. 38, 52). Finally, Plaintiff referenced medical records dated outside the relevant period in support of her argument regarding peripheral neuropathy, carpal tunnel syndrome, and tarsel tunnel symptomatology.

When the record does not support a condition to be a severe impairment, the ALJ's duty to discuss the condition is minimized. *See Salts v. Sullivan*, 958 F.2d 840, 844 (8th Cir. 1992). The discussion of Plaintiff's non-severe impairments along with the ALJ's language indicating he fully considered all impairments, including those that were not severe, showed the ALJ considered the combined effect of Plaintiff's impairments. *See Martise v. Astrue*, 641 F.3d 909, 924 (8th Cir.

2011); *Raney v. Barnhart*, 396 F.3d 1007, 1011 (8th Cir. 2005).

### C. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work, except can occasionally stoop and crouch; must avoid even moderate exposure to fumes, odors, dust, gases, and poorly ventilated areas; can perform work where interpersonal contact is incidental to the work performed; complexity of tasks is performed by rote with few variables and little judgment; and supervision is simple, direct, and concrete. (Tr. 20). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 13, Pgs. 9-12. However, substantial evidence supports the ALJ's RFC

determination.

In his opinion, the ALJ considered Plaintiff's alleged impairments and discounted those he found were not credible. Plaintiff has not referenced any specific limitations the ALJ improperly assessed or provided any medical evidence or other evidence demonstrating the ALJ erred in assessing his limitations. Plaintiff has the burden of demonstrating her alleged limitations. *See, e.g., Young v. Apfel,* 221 F.3d 1065, 1069 (8th Cir. 2000). Without more, the Court cannot find the ALJ erred in assessing her RFC. The mere fact Plaintiff suffers from a number of different impairments does not demonstrate she is disabled due to those impairments.

Substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**D. Plaintiff's Obesity**

Plaintiff argues the ALJ did not evaluate obesity under SSR 02-1p. ECF No. 13, Pgs. 13-14. Social Security Ruling ("SSR") 02-1p provides guidance for evaluating obesity. It states obesity can cause a limitation of function. The functions likely to be limited depend on many factors, including where the excess weight is carried. *Id.* However, an individual may have limitations in any of the exertional functions such as siting, standing, walking, lifting, carrying, pushing, and pulling. *Id.* Obesity may also affect the ability to do postural functions, such as climbing, balancing, stooping, and crouching. *Id.* SSR 02-1p further explains that the combined effects of obesity with other impairments may be greater than might be expected without obesity providing "[f]or example,

someone with obesity and arthritis affecting a weight-bearing joint may have more pain and limitation than might be expected from the arthritis alone."

The ALJ determined Plaintiff's obesity was a "severe" impairment that had more than a minimal effect upon her ability to perform basic work activities. Tr. 19. The ALJ also found that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments" in Appendix 1, Subpart P, Regulations No. 4 (Tr. 19 Finding 4). The Eighth Circuit has held that such language demonstrates the ALJ considered the combined effect of a claimant's impairments. *Hajek v. Shalala*, 30 F.3d 89, 92 (8th Cir. 1994).

Furthermore, Plaintiff did not allege obesity as a basis for disability in her applications. Additionally, the record lacked evidence showing Plaintiff ever complained that her weight caused any limitations that would have prevented Plaintiff from performing a limited range of light work. The fact the medical record showed Plaintiff was obese does not equate to the existence of any functional limitations. Plaintiff never indicated she had any limitations due to obesity that would have limited her ability to perform a limited range of light work.

There is substantial evidence in the record that the ALJ properly evaluated the effect of Plaintiff's obesity on her overall RFC.

4.  **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends that it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are**

**reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

      **ENTERED this 9th day of April 2019.**

                                           /s/ *Barry A. Bryant*
                                          HON. BARRY A. BRYANT
                                          U.S. MAGISTRATE JUDGE